IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| DWAINE THELBERT WALLER | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | NO. _____ |
| | § | |
| AMAZON.COM SERVICES, LLC; | § | JURY TRIAL DEMANDED |
| YOUMIAN; AND FURGLE | § | |
| Defendants, | § | |

## COMPLAINT

COMES NOW, the Plaintiff Dwaine Thelbert Waller, (hereinafter: the "Plaintiff"), by and through his counsel of record, Henry S. Queener, III, of Queener Law, and files this complaint for damages and personal injuries received at the hand of the Defendants as follows:

### I. INTRODUCTION

1. This case arises out of a fire that occurred on May 27, 2023, when a 4-wheel mobility scooter overheated and caught fire at the house of Plaintiff Dwaine Waller while he was in the house. The scooter was a Furgle 4-wheel mobility scooter designed, manufactured, marketed, and sold by Defendants Furgle, Youmain, and Amazon. The scooter was defectively designed and unreasonably dangerous and led directly to the fire that caused the injuries and damages sustained by the Plaintiff in this case.

### II. PARTIES

2. On May 27, 2023, and at all times relevant to the allegations of this complaint, the Plaintiff was a resident of Haywood County, Tennessee.

3. The Defendant, Amazon.com Services LLC (hereinafter referred to as

1

"Amazon"), is a multinational limited liability company, doing business in and for the state of Tennessee, incorporated in Delaware with its principal office being located at 410 Terry Avenue North, Seattle, Washington, 98109, USA. It can be served through its registered agent Corporation Service Company at 2908 Poston Ave., Nashville, TN 37203-1312. The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is incorporated in Delaware and maintains its principal place of business in Seattle, Washington. Amazon.com Services LLC is therefore a citizen of Delaware and Washington for diversity jurisdiction purposes.

4.      Defendant, Youmian (hereinafter referred to as "Youmian"), is an entity organized under the laws of the People's Republic of China, doing business in and for the state of Tennessee, who facilitates sales of its Chinese manufactured products through Amazon's online shopping and sales platform Amazon.com. Its business address is No. 7, Second Road, Xiaoyong Industrial Zone, Xiaoyong Village Committee, Lecong Town, Foshan City, Shunde District, Guangdong Province, China. Youmian has no registered agent for service of process in the United States. Youmian is not subject to service of process via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

5.      Defendant Furgle is an entity organized under the laws of Hong Kong doing business in and for the state of Tennessee, who facilitates sales of its Chinese manufactured products through various online shopping and sales platforms, including Amazon.com. Defendant Furgle has no registered agent for service of process in the United States. Defendant Furgle is not subject to service of process via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

6. Defendants herein are jointly and individually indebted unto Plaintiff for such damages as are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

### III. JURISDICTION AND VENUE

7. The Plaintiff's causes of action arise in tort under and by virtue of the laws of the State of Tennessee and the laws of the United States of America for the damages and personal injuries he sustained as a result of a fire on or about May 27, 2023, in Haywood County, Tennessee.

8. The injuries sustained by the Plaintiff occurred as a result of Defendants' researching, manufacturing, developing, distributing, marketing, and sale of the subject vehicle, its components, and because of the Defendants' continual failure to warn of the severe risks to operator or consumer, and the public in general.

9. Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000) and none of the defendants are citizens of Tennessee.

10. Venue for a trial on the merits in this court is proper, in part, because all interactions with Amazon.com detailed below took place in Hermitage, TN, which is in the geographic boundary of the Middle District of Tennessee, Nashville Division.

### IV. FACTUAL ALLEGATIONS

11. The subject Scooter, a thing of value was purchased by and for Plaintiff, a natural person, on Amazon.com on February 3, 2023. Amazon.com was used to research the scooter and after review of the marketing materials on the website said scooter was

purchased for use by the Plaintiff.

12. On May 27, 2023, without warning, the scooter that is the basis of this suit caught fire and in turn caught the Plaintiff's house on fire. The Plaintiff suffered severe and debilitating burns. The Plaintiff's neighbor directly across from the Plaintiff was inside with his front door open when he heard a loud explosion. He went to investigate and upon looking into the Plaintiff's house saw sitting by the Plaintiff's front door the Scooter fully engulfed in flames. The fire department arrived at the Plaintiff's house to find a considerable fire on the front porch and at the front door.

13. A firefighter in heroic disregard for his own life entered the inferno through the front door. The firefighter found the house had zero visibility due to the smoke. He started calling out loudly for the Plaintiff asking the Plaintiff to call back out to him. The Plaintiff called back out that he could not walk. The firefighter kept in verbal contact with the Plaintiff, following the sound of his voice until he was able to find the Plaintiff standing in his bedroom door, holding himself up with his arms on the doorway. The firefighter from behind the Plaintiff, under his arms, performed the rescue shoulder drag. He dragged the Plaintiff out the front door.

14. As a result of the fire, the Plaintiff suffered severe and debilitating burns that caused severe pain. The burn recovery process caused a substantial amount of pain to the plaintiff and at the end of the treatment he was left with permanent scarring. The fear experienced by Plaintiff as well as the agonizing recovery has caused extensive damages including past and future medical bills, past and future mental anguish, past and future pain and suffering and past and future loss of use of body parts and past and future disfigurement.

15. Amazon.com was accessed from a location in Hermitage, TN for the purchase of the scooter after a review of the marketing material. The scooter was sold

and put into the stream of commerce by Defendants Youmain, Amazon and Furgle. Defendants Youmain, Amazon, and Furgle made affirmations of fact intending to induce the purchase of the Scooter. Defendants Youmain, Amazon, and Furgle made affirmations of fact regarding the Scooter and those affirmations induced the purchase of the Scooter.

16. Defendants Youmain, Amazon and Furgle's affirmations of fact were false, regarding the Scooter being safe for use in and around residential structures and in one's activities of daily living in so much as those affirmations indicated that it was not a hazard to spontaneously combust burning itself up, igniting anything close to it into flame, and harming any user. On February 3, 2023, Defendants Youmain, Amazon, and Furgle had reason to know the Scooter would be used in and around residential structures and in ones activities of daily living due to the very nature of the product itself and that buyers of the Scooter would rely on statements and images on Amazon.com, indicating that the Scooter was safe for use in and around residential structures and in ones activities of daily living.

17. The purchaser of the Scooter relied on Defendants Youmain, Amazon, and Furgle's skill or judgment to select or furnish suitable goods, as this statement is used in Tenn. Code Ann. § 47-2-315. Further, the Scooter was not sold "as is" and came with warranties both express and implied. Defendants Youmain, Amazon, and Furgle are merchants with respect to goods such as the Scooter and the selling of a scooter which would spontaneously combust is an unfair and deceptive act or practice in the conduct of trading or commerce within Tennessee.

18. Defendants Youmain, Amazon, and Furgle are designers, manufacturers, retailers, wholesaler, distributors, and marketers of the subject scooter. Further, Defendants Youmain, Amazon, and Furgle are entities engaged in the business of selling

products, whether such sale is for resale, or for use or consumption. Defendants Youmain, Amazon, and Furgle were engaged in a joint venture to design, manufacturer, market, and sell the subject scooter. Further, Defendants Youmain, Amazon, and Furgle were the sellers of the Scooter, jointly.

19.     The scooter, according to the fire department, caught fire and in turn caught the Plaintiffs house on fire.  Scooters like the scooter made the basis of the suit aren't supposed to catch on fire and they are perfectly suited for use inside a home. This scooter was marketed to people that were elderly or with some sort of disability that hampered mobility.   To make a product that catches fire that is used by people that can't run from it is unconscionable.  There were no warnings on the scooter itself concerning its defective electrical system or defective battery.  There were no warnings that the scooter could overheat and catch on fire.  Further there were no warnings concerning any dangers of fire associated with the scooter.

20.     A scooter, such as the one at issue, that spontaneously combusts is dangerous to an extent beyond that which would be contemplated by an ordinary customer, who purchases it, with the ordinary common knowledge of the community as to its characteristics. The defective or unreasonably dangerous condition of the Scooter was not such that it would be apparent to an ordinary user such as the Plaintiff. The Scooter did not appear defective or unreasonably dangerous to an ordinary user such as the Plaintiff. The Scooter was not made unreasonably dangerous by any subsequent unforeseeable alteration, change, improper maintenance, or abnormal use after the Scooter left the custody and control of the manufacturer and sellers. The Scooter was not fit for the ordinary purposes for which such scooters are used.

## V. CAUSES OF ACTION

### A. TENNESSEE CONSUMER PROTECTION ACT VIOLATIONS

21. Defendants Youmain, Amazon, and Furgle in violation of Tenn. Code Ann. § 47-18-104(b)(5) Represented the Scooter as having uses, benefits or quantities that it did not have, namely that it was safe for use in and around residential structures and in one's activities of daily living.

22. Defendants Youmain, Amazon, and Furgle in violation of Tenn. Code Ann. § 47-18-104(b)(7) Represented the Scooter as being of a particular standard, quality or grade, namely that it was safe for used in and around residential structures and in one's activities of daily living.

23. Defendants Youmain, Amazon, and Furgle in violation of Tenn. Code Ann. § 47-18-104(b)(21) used statements or illustrations in advertisements which created a false impression of the grade or quality of the Scooter, namely that it was safe for use in and around residential structures and in one's activities of daily living.

24. The Plaintiff suffered an ascertainable loss of money in the form of medical bills, property, and another thing of value—his health, wellbeing, quality of life, and enjoyments in life—as a result of the use or employment by Defendants Youmain, Amazon, and Furgle of the above unfair or deceptive acts or practices described in § 47-18-104(b). Further, Per Tenn. Code Ann. § 47-18-109, the Plaintiff can assert a cause of action pursuit to the Tennessee Consumer Protection Act for violations of Tenn. Code Ann. § 47-18-104(b)(5), (7), and (21).

### B. TENNESSEE PRODUCTS LIABILITY ACT OF 1978 VIOLATIONS

#### i. Design Defect

25. Defendants Amazon, Youmain, and Furgle and others designed, developed, tested, manufactured, assembled, marketed, and sold the Scooter, bought

with order number 112-5399566-0330624 from the Amazon website.

26. The subject Scooter was defective in design for its intended use and made the product unreasonably dangerous to the user, operator, or consumer, and the public in general.

27. Specifically, the subject Scooter's battery and electrical system was defectively designed because it failed to work property during the foreseeable uses of the scooter; the subject Scooter's electrical system was defectively designed because it failed to prevent excess heat and caught fire.

28. These defects existed at the time the Scooter left the control of the Defendants. At the time the defective Scooter left the control of the Defendants, there existed safer alternative designs and components that were both economically feasible and technologically available. The safer alternative designs and components would not decrease the utility of the Scooter in any significant regard that would warrant and cause its exclusion. Defendants failed to incorporate the economically feasible and technologically available safer alternative designs and components.

29. At the time of the fire, the subject Scooter was in substantially the same condition as it was when it was placed into the stream of commerce by the Defendants. The unreasonably dangerous design defects were a substantial cause of the injuries and damages sustained by plaintiffs. Defendants placed the subject Scooter on the market with knowledge that it would be used without inspection for defects and dangers.

30. Defendants knew or should have known that the user, operator, or consumer would not and could not properly inspect the Scooter for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capacities of such persons.

31. The subject Scooter was defective and unreasonably dangerous to the user, operator, or consumer, and the public in general, when sold and distributed by Defendants.

**ii. Manufacturing Defect**

32. Defendants Amazon, Youmain, and Furgle designed, developed, tested, manufactured, assembled, marketed, and sold the scooter in question. The Scooter in question was defective in its construction and composition and contained a manufacturing defect, which made the product unreasonably dangerous to the users. Specifically, the electrical system and battery system contained a manufacturing defect that allowed for overheating and fire to occur. These defects existed at the time the Scooter left the manufacturer and left the hands of Defendants.

33. At the time the defective product left the control of the Defendants, the electrical system and battery systems of the scooter deviated in a material way from the manufacturer's specifications and/or performance standards for the product and/or from otherwise identical products manufactured by the same manufacturer. At the time of the fire, the Scooter was in substantially the same condition as it was when it was placed into the stream of commerce by Defendants. The unreasonably dangerous defect in construction or composition was a substantial cause of the injuries and damages sustained by Plaintiff.

**iii. Violations of Express and Implied Warranties**

34. Amazon, Youmian, and Furgle jointly and severally made Express Warranties under Tenn. Code Ann. § 47-2-313 regarding the Scooter, these Warranties were violated when the Scooter spontaneously combusted resulting in the harms, losses, and damages to the Plaintiff.

9

35.     Amazon, Youmian, and Furgle jointly and severally made affirmations of fact intending to induce Joel Waller and the Plaintiff to purchase the Scooter. Joel Waller and the Plaintiff were, in fact, induced by the Defendants' acts. The affirmation of facts were false.

36.     Amazon, Youmian, and Furgle jointly and severally made implied warranties of fitness for a particular purpose of the Scooter that were not true, namely that it was safe for use in and around residential structures and in one's activities of daily living.

37.     Amazon, Youmian, and Furgle jointly and severally violated the implied warranty of merchantability by selling a scooter knowing the scooter would be used in and around residential structures and in one's activities of daily living due to the very nature of the product itself and the Plaintiff was justified in relying upon Amazon's, Youmian's, and Furgle 's judgment.

### iv.     Inadequate Warning

38.     Both prior and subsequent to the sale of the subject Scooter, Defendants Youmain, Amazon, and Furgle designed, manufactured, distributed and sold the subject Scooter with inadequate warnings. Specifically, the subject Scooter had absolutely no warnings on it concerning the defective electrical system and battery system.  More specifically, the subject Scooter had absolutely no warning on it concerning the defective electrical system and battery system.  The defects in the warnings existed at the time the subject Scooter left the control of the Defendants.  The likelihood and gravity of danger associated with the subject Scooter, and the feasibility of adding the proper warnings, far outweighed the ability of the user, operator, or consumer, and the public in general, to anticipate the risk. The inadequate warnings were a substantial cause of the injuries and damages sustained by the Plaintiff.

39. The injuries and damages sustained by the Plaintiff because of the defective and unreasonably dangerous nature of the subject Scooter arose from the reasonably anticipated use and/or a reasonably anticipated alteration or modification of the subject Scooter.

**v.    Additional Negligence of Design Manufacture and Failure to Warn**

40. Defendants Amazon, Youmain, and Furgle failed to use ordinary care in the design, development, manufacture, marketing, assembly, and sale of the subject Scooter. Specifically, the subject Scooter was designed, developed, manufactured, assembled and sold with a defective electrical system and battery system. More specifically, the subject Scooter was designed, developed, manufactured, assembled and sold with a defective electrical system and battery system. Defendants knew or should have known that the subject defective electrical system and battery system would overheat and catch fire. Defendants knew or should have known that the subject Scooter's defective electrical system and battery system, would not protect the occupants from overheating and catching fire. Defendants failed to issue any warnings to plaintiffs, or to the public in general.

41. Plaintiffs set forth the following claims of negligence and/or legal fault against Defendants Amazon, Youmain, and Furgle, in the following particulars, but not exclusively limited thereto:

      (a)   Designing, developing, manufacturing, marketing, assembling, and selling a motor Scooter with known design flaws;

      (b)   Opting to re-use the defective designs year after year instead of protecting the safety of the user, operator, or consumer of the subject Scooter, and the public in general;

(c) Choosing not to fully and accurately disclose the design defect of the defective electrical system and battery system to the operator or consumer of the subject Scooter, and to the public in general;

(d) Choosing not to fully and accurately disclose the design defects defective electrical system and battery system, specifically, to the user, operator, or consumer of the subject Scooter, and to the public in general;

(e) Failing to warn the user, operator, or consumer of the subject Scooter, and the public in general, of the dangers and risks associated with operating the subject Scooter with the defective electrical system and battery system;

(f) Failing to warn the user, operator or consumer of the subject Scooter, and the motoring public in general, of the dangers and risks associated with operating the subject Scooter with the defective electrical system and battery system, specifically;

(g) Failing to provide a safe Scooter to the user, operator, or consumer, and to the public in general;

(h) Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits.

## VI. COMMON LAW NEGLIGENT MISREPRESENTATION

42. Amazon, Youmian, and Furgle jointly and severally are guilty of misrepresentation by advertising, labels, and otherwise made to Joel Waller and the Plaintiff and to the consumer public in general.

43. Amazon, Youmian, and Furgle jointly and severally are guilty of

misrepresentations of material fact concerning the safety, quality, and reliability of the Scooter.

44. Such misrepresentations were justifiably relied upon to the harm, loss, and damage of the Plaintiff.

## VII. COMMON LAW NEGLIGENT DESIGN, MANUFACTURE, AND FAILURE TO WARN

45. Amazon, Youmian, and Furgle jointly and severally failed to use ordinary care in the design, development, manufacture, marketing, assembly, and sale of the Scooter.

46. Amazon, Youmian, and Furgle each knew or should have known that the Scooter would not protect the consumer in its foreseeable use from spontaneously combusting.

47. Amazon, Youmian, and Furgle each failed to issue any warnings to Plaintiff, or to the consumer public in general.

48. It was reasonably foreseeable that the negligent design, manufacturer, and failure to warn by Amazon, Youmian, and Furgle would cause the very harms, losses, and damages suffered by the Plaintiff.

## VIII. CIVIL CONSPIRACY

49. Amazon, Youmian, and Furgle had a common design between them to sell the Scooter.

50. Amazon, Youmian, and Furgle undertook the lawful action of selling the Scooter by unlawful means or, in the alternative, the unlawful purpose of selling the Scooter.

51.     Amazon, Youmian, and Furgle engaged in overt acts in furtherance of the conspiracy by designing, manufacturing, and selling the Scooter, such actions resulting in the Plaintiff's injuries.

## IX. CAUSATION

52.     Plaintiff avers that the Defendants jointly and severally owed the above detailed a duties to the Plaintiff, but that each breached those duties and were negligent. The negligence of the Defendants, as set forth above, directly and proximately caused, the resulting harms, losses, damages, and injuries to Plaintiff here sought.

53.     As a direct and proximate result of the negligence of the defendants, the Plaintiff suffered serious, disabling, painful, and permanent bodily injuries, causing the Plaintiff to become liable for medical and other expenses and to suffer an impairment to his body.

## X. INJURIES AND DAMAGES

54.     As a direct and proximate result of the Defendants' negligence, the Plaintiff alleges that he is entitled to damages, including but not limited, to the following specific items of damages:

(a)     Physical pain, both past and future;

(b)     Emotional suffering, grief and loss of enjoyments in life, both past and future;

(c)     Health care expenses, both past and future;

(d)     Permanent impairment and partial disability;

(e)     Costs of this cause; and

(f)     All other general damages and other relief allowed under the laws of the State of Tennessee to which he may be entitled.

## XI. RELIEF SOUGHT

**WHEREFORE, PLAINTIFF PRAYS:**

For a judgment against the Defendants for compensatory damages in an amount to be determined, for the personal injury and disability suffered by the Plaintiff as a proximate result of the Defendants' negligence. Pursuant to Tenn. Code Ann. § 29-28-107, which states as follows: "Any complaint filed in a products liability action shall state an amount of such suit sought to be recovered from any defendant." the Plaintiff respectfully submits that he seeks a realistic amount that a reasonable jury would award considering all proof presented; however, at the time of this filing, without the benefit of completing discovery and medical proof, would respectfully submit that said amount is certainly expected to be less than, and presumably would not exceed Two Million Dollars ($2,000,000.00).

For cost of this matter to be taxed to the Defendants.

For such other, further and general relief to which he may be entitled under the law.

Respectfully submitted,

QUEENER LAW

 /s/Henry S. Queener
HENRY S. QUEENER, III
213 REP. JOHN LEWIS WAY, NORTH
SUITE 200
NASHVILLE, TN 37219
PHONE (615) 933-9000
FAX (615) 732-0063
HQUEENER@QUEENERLAW.COM

AND

ELLIOTT & RITCH, L.L.P.


 /s/ Joseph E. Ritch
Joseph E. Ritch
Federal Bar #34878
321 Artesian Street
Corpus Christi, TX  78401
Telephone:    (361) 883-3000
Facsimile:      (361) 883-3003
Email: jritch@elliottritch.com

**ATTORNEYS FOR PLAINTIFF**

16